UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD MERRIWEATHER,

        Plaintiff,                        Case No. 2:25-cv-12401

v.                                          Hon. Brandy R. McMillion
                                              United States District Judge

FEDERAL HOME LOAN MORTGAGE
CORPORATION, *et al*.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION TO DISMISS (ECF NO. 7), DENYING PLAINTIFF'S MOTION**
**TO REMAND (ECF NO. 8)**

This case is a removal action on Plaintiff Gerald Merriweather's ("Merriweather") civil complaint filed in the Wayne County Third Judicial Circuit Court (Case No. 25-009674-CH). *See* ECF No. 1. This case was originally assigned to the Honorable Jonathan J.C. Grey but reassigned to the undersigned after the Defendants noted that it was a companion case to Case No. 2:25-cv-10443 (the "Previous Litigation"). *See* ECF No. 11; ECF No. 7, PageID.71-72. The Previous Litigation was dismissed on June 3, 2025.[1]

---

[1] The Previous Litigation was also a removal from Wayne County Third Judicial Circuit Court (Case No. 25-000609-CH). After dismissal in this Court, the Court also denied a Motion to Alter

1

Currently before the Court is Defendants' Federal Home Loan Mortgage Corporation, as a trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust Series 2021-3 ("Freddie Mac"), NewRez LLC, formally known as New Penn Financial LLC, doing business as, Shellpoint Mortgage Servicing ("Shellpoint"), New Residential Mortgage, LLC ("NRM"), and Ditech Financial LLC, formally known as Green Tree Servicing LLC ("Ditech") (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule 12(b)(6).  ECF No. 7.  Merriweather has also filed a Motion to Remand and Motion to Strike the Removal.  ECF No. 8.  For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 7), and **DENIES** Merriweather's Motion for Remand and to Strike Removal (ECF No. 8).

## I.

On May 21, 2001, Merriweather and his wife Christina M. Merriweather were granted a mortgage by ABN AMRO Mortgage Group, Inc. (the "Mortgage"), which encumbered the property that is the subject of this dispute.  *See* ECF No. 7-2.  The Mortgage was recorded with the Wayne County, Michigan Register of Deeds on July 2, 2001.  ECF No. 7, PageID.69.  In the years that followed, the Mortgage was sold and assigned to several different entities.  *Id.*

---

or Amend Judgment filed by Merriweather on June 13, 2025.  *See* Case No. 25-cv-10443 (ECF No. 29).

2

In May 2016, Citimortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc., assigned the Mortgage to Ditech. *See* ECF No. 7-3. In March 2018, Ditech assigned the Mortgage to NRM. *See* ECF No. 7-4. In September 2019, NRM assigned the Mortgage to Shellpoint. *See* ECF No. 7-5. In December 2023, Shellpoint assigned the mortgage to Freddie Mac. *See* ECF No. 7-6.

After filing for bankruptcy, Merriweather filed a complaint in the Wayne County Third Judicial Circuit Court to quiet title to the Property.[2] In that case, Merriweather alleged that Ditech was not authorized to assign the Mortgage to NRM in 2018 because it was subject to an automatic stay in its own bankruptcy proceeding under 11 U.S.C. § 362; and Merriweather sought to "quiet title and remove any adverse claims by Defendants." ECF No. 7-8, PageID.174-175. As noted, that case was removed to this Court on February 14, 2025 – the Previous Litigation.

On June 3, 2025, this Court dismissed the Previous Litigation, with prejudice. *See* ECF No. 7-9; *see also Merriweather v. Fed. Home Loan Corp.*, No. 2:25-cv-10443, 2025 WL 1572331 (E.D Mich. June 3, 2025). Merriweather asked the Court to reconsider that ruling, which the Court also denied. *See* ECF No. 7-11. Merriweather did not file an appeal of the dismissal of the Previous Litigation. *See* ECF No. 7, PageID.72. Instead, on June 20, 2025, Merriweather filed another complaint in the Wayne County Third Judicial Circuit Court, Case No. 25-009674-

---

[2] Case No. 25-000609-CH. *See* ECF No. 7-8.

CH. *See* ECF No. 1, PageID.14-20. This time the complaint alleged (i) fraudulent misrepresentation, (ii) silent fraud, (iii) intentional infliction of emotional distress, and (iv) unjust enrichment. *Id.*

On August 4, 2025, Defendants removed that case to this Court (the "Current Litigation"). ECF No. 1. Merriweather filed a Motion to Remand and to Strike the Removal (ECF No. 8), which Defendants oppose (ECF No. 10). Defendants also filed a Motion to Dismiss (ECF No. 7), to which Merriweather never responded. Defendants argue this case should be dismissed because Merriweather's claims are barred by the doctrine of res judicata and because he fails to allege the necessary elements to support his claims. ECF No. 7, PageID.73.

## II.

As an initial matter, the Court will first address Merriweather's request for remand, as it will determine if the Court can properly rule on Defendants' Motion to Dismiss.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by [a] defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U.S.C. § 1441(a). Original federal court jurisdiction arises based on either diversity of citizenship and the amount in controversy, or a federal question. *See* 28 U.S.C. §§ 1331, 1332(a). The removing party bears the burden of establishing federal court jurisdiction. *Mays v. City of*

4

*Flint*, 871 F.3d 437, 442 (6th Cir. 2017). That said, courts strictly construe removal statutes, and "all doubts should be resolved against removal." *Id.*

Here Defendants seek removal pursuant to federal question jurisdiction, as Freddie Mac is a named Defendant in this matter, and federal courts have original jurisdiction to hear cases involving Freddie Mac, regardless of amount or value, under 12 U.S.C. § 1452(f). ECF No. 1, PageID.3-4. Merriweather responds stating, "Defendants' eleventh-hour filing of a Notice of Removal [was] riddled with jurisdictional inaccuracies, fraudulent pretexts, and procedural irregularities designed to strip Plaintiff of his rightful forum and stall accountability for egregious misconduct in a wrongful foreclosure." ECF No. 8, PageID.229. He made similar arguments in the Previous Litigation which the Court rejected.

Pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. § 1446, this action is properly removed to this Court and the Court has both original and diversity jurisdiction to hear these claims. Original jurisdiction is conferred upon the Court as Freddie Mac is a defendant. Additionally, this case involves a controversy between citizens of different states with an amount in controversy exceeding $75,000 thereby establishing diversity jurisdiction.[3] Accordingly, the Court denies Merriweather's Motion to Remand and Strike Removal (ECF No. 8).

---

[3] Merriweather is a citizen of Michigan, and none of the defendants are citizens of Michigan. *See* ECF No. 1, PageID.5-6. Additionally, Merriweather seeks over $750,000 in damages. *Id.* at PageID.18.

### III.

Having determined that removal is proper, the Court turns next to Defendants' Motion to Dismiss (ECF No. 7). The Court notes that Merriweather has filed nothing in opposition to Defendants' requested dismissal. Merriweather is proceeding *pro se*, which typically requires the Court to construe pleadings liberally.[4] However, even though *pro se* complaints, must be held to less stringent standards than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Defendants argue that Merriweather's case should be dismissed because the claims brought in the Current Litigation could have (and should have) been brought in the Previous Litigation and therefore are barred by the doctrine of res judicata. ECF No. 7, PageID.74-77. They further argue that even if not barred by res judicata, the allegations fail to meet the elements of each claim and are therefore still subject to dismissal. *Id.* at PageID.77-86. The Court agrees.

---

[4] This means "that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-cv-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A.   **CLAIM PRECLUSION**

The doctrine of res judicata raises the issue of claim preclusion. For a successful claim preclusion allegation, Defendants need to show (1) "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies"; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Montana v. United States,* 440 U.S. 147, 153 (1979)). "Res judicata 'bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007)). "The fact that [a] plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action." *Hamilton v. State Farm Fire & Cas. Co.*, 127 F.3d 1102 (6th Cir. 1997).

There is no question that the first two elements are met—the Court issued a final judgment on the merits in the Previous Litigation, and the parties in the Previous Litigation and Current Litigation are the same. *See* ECF Nos. 7-9, 7-10. The third and fourth elements are met as well. In the Previous Litigation,

7

Merriweather brought a claim to "quiet title and remove any adverse claims by Defendants." ECF No. 7-8, PageID.174. The basis of his claim all arose from a challenge to the assignment of the Mortgage, as Merriweather argued the assignment was "unauthorized, invalid, and void ab initio." *Id.* In the Current Litigation, he raises claims for fraudulent misrepresentation, silent fraud, intentional infliction of emotional distress, and unjust enrichment. ECF No. 1, PageID.16-17. And all those claims similarly result from the dispute over the Mortgage. Again, Merriweather challenges the assignment of the Mortgage, but this time also asserts that there was fraud in the modification process of the Mortgage which all caused him emotional distress, and he argues it would be unjust to allow Defendants to retain payments he made while Defendants attempted to foreclose on his home. *Id.* at PageID.17.

The problem for Merriweather is that all his claims result from the relationship with Defendants relating to his Mortgage. Even considering that the modification of the loan may form the basis of some of the new causes of action, that modification occurred before the filing of the Previous Litigation, so these new claims could have been brought in that case. As Defendants note, these claims also result generally from the same facts involving the same loan and therefore they were known and could have been brought in the Previous Litigation. *See* ECF No. 7, PageID.76 (citing *Richardson v. Wells Fargo Bank*, No. 2:13-cv-10234, 2013 U.S. Dist. LEXIS 75623, *7-8 (E.D. Mich. May 30, 2013)).

8

Consequently, because all the elements of claim preclusion are met, res judicata bars the Current Litigation and Merriweather's claims should be dismissed.

**B.     FAILURE TO STATE A CLAIM**

Even if not barred by res judicata, the claims still fail to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012). In reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted).

Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[T]hreadbare recitals of a cause of action's elements, supported by merely

9

conclusory statements" are insufficient to survive a motion to dismiss. *Id.* at 663. The court may consider "any exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

The Court agrees with Defendants that Merriweather's claims fail as a matter of law. First, Merriweather's fraudulent misrepresentation and silent fraud claims (Counts I and II) are required to be pleaded with specificity. For claims of fraud plaintiff must specify: (1) the time, place, and content of the alleged misrepresentation; (2) the fraudulent scheme; (3) the defendant's fraudulent intent; and (4) the resulting injury. *See Wall v. Mich. Rental*, 852 F.3d 492, 496 (6th Cir. 2017) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 504 (6th Cir. 2007)). Here, the complaint is void of the who, what, when, where and why needed to sufficiently allege fraud claims and therefore they should be dismissed. *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 614 (6th Cir. 2024). Additionally, as the Court has previously held, Merriweather lacks standing to challenge the assignment of the Mortgage and that serves as an independent basis to dismiss Counts I and II. *Merriweather,* 2025 WL 1572331 at *3 (("… a borrower cannot step into the shoes of an assignor to assert its contract rights, Merriweather lacks standing to challenge the assignment, as a non-party to that agreement.")

10

(citing *Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102-03 (6th Cir. 2010)).

Second, Merriweather's claim for Intentional Infliction of Emotional Distress ("IIED") (Count III) fails because it does not allege any extreme or outrageous conduct that goes "beyond all possible bounds of decency, and [that would] be regarded as atrocious and utterly intolerable in a civilized society." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 948 (6th Cir. 2010). The allegations relating to Defendants conduct in conjunction with the Mortgage and foreclosure of his home simply do not support a claim for IIED under Michigan law; so, Count III is subject to dismissal.

Last, Merriweather's claim for Unjust Enrichment (Count IV) fails as there is an express contract between Merriweather and Defendants – the Mortgage. A party cannot recover under a theory of unjust enrichment when a transaction is governed by a valid contract. *See Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833 (E.D. Mich. 2014) (citing *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (2006)). Consequently, Count IV should also be dismissed.

**IV.**

Accordingly, Merriweather's Motion to Remand and Strike Removal (ECF No. 7) is **DENIED**; and Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED**.

**IT IS HEREBY ORDERED** that Merriweather's Complaint is **DISMISSED WITH PREJUDICE**.

*This is a final Order that closes the case.*

**IT IS SO ORDERED.**

Dated: January 12, 2026                                   s/Brandy R. McMillion
       Detroit, Michigan                                        BRANDY R. MCMILLION
                                                                United States District Judge